**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Brittany Shaunta Pearson, Appellant.

Appellate Case No. 2016-001216

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-324
Submitted June 1, 2018 – Filed July 18, 2018

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged

in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the [Protection of Persons and Property Act (the Act)] requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007)); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 (finding the General Assembly did not intend for the Act to be construed to require a trial court to accept the accused's version of the underlying facts); *id*. ("[A] valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity. This includes all elements of self-defense, save the duty to retreat."); *Douglas*, 411 S.C. at 318, 768 S.E.2d at 238-39 (providing the elements of self-defense save the duty to retreat are (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must believe he is in imminent danger of death or great bodily injury or actually be in such imminent danger; and (3) the defendant's fear must be reasonable); *id*. at 320 n.7, 768 S.E.2d at 239 n.7 ("[T]he standard for evaluating whether an accused had a reasonable belief that deadly force was necessary to prevent great bodily harm to himself is objective, rather than subjective."); *Curry*, 406 S.C. at 372, 752 S.E.2d at 267 ("Appellant's claim of self-defense presents a quintessential jury question, which, most assuredly, is not a situation warranting immunity from prosecution.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.